PLATER *v.* MENG.[1]

*(Circuit Court, E. D. Pennsylvania.   March 22, 1887.)*

ASSIGNMENT—EQUITABLE—COMMISSIONS TO COLLECTOR.

> An agreement, by a creditor, to pay an agent a part of a sum collected from a debtor, as a compensation for services rendered in collecting such sum, is not an equitable assignment of any part of the debt, and gives the agent no claim against the debtor.

*Sur* Rule to Set Aside Release of Verdict.

*Mr. Beck*, for the rule.

*J. Levering Jones, contra.*

BUTLER, J.   This is an informal appeal to equity. Harlan and Meng alone are interested. To sustain the application, the right set up by Harlan must be clear. In my judgment, it is not. On the contrary, it is open to very serious doubt whether he has any right as against Meng. The agreement between Harlan and Plater is an arrangement for compensating the former's services, in collecting the debt from Meng. It does not purport to transfer any present (nor indeed any future) interest

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

in the debt. It simply confers a right to a portion of the money which may be collected. This portion is uncertain, depending on the amount eventually recovered. Certainly the agreement should not be regarded as a transfer of any part of the debt, or the verdict subsequently recovered for it. Under circumstances of great hardship, when serious injustice is threatened, the doctrine of equitable or constructive assignment has been carried very far, but it has never been applied under circumstances such as are shown in this case. No doubt Harlan acquired rights against Plater, and has a cause of action against him for part of the money received. This, however, does not touch the question of Meng's liability. Indeed, had the agreement been a transfer in form, of a part of the debt, it is doubtful, to say the least, whether Harlan could have asserted a right against Meng. At law he certainly could not. A creditor cannot divide his claim into several parts, and, by assignment to several persons, make his debtor answerable in suit to each. Why should he be allowed to make his debtor answerable in equity under such circumstances? It is said in more than one instance in this state that equity will recognize and enforce such assignments. I am not convinced of the soundness of this, when applied to ordinary circumstances, such as exist here.

Then, again, the agreement on which the alleged right depends, is not such as equity should enforce. At common law such contracts were champertous, and Harlan would have been liable to indictment for entering into it. While this is no longer so, generally, the fact remains that such contracts are of doubtful policy and morality; that they tend to speculation, and involve danger of injustice and oppression. Equity should not, therefore, lend its aid for their enforcement.

The rule must be dismissed.